IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MACK ENERGY CORPORATION,

    Plaintiff,

v.                                                                             No. 2:24-cv-00492-JHR-DLM

SUMMIT CASING SERVICES, LLC,

    Defendant.

### MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [DOC. 8]

THIS MATTER comes before the Court on Mack Energy's motion to remand [Doc. 8]. Summit filed a response in opposition on June 20, 2024. [Doc. 11]. Mack Energy filed a reply on July 3, 2024, [Doc. 12], completing the briefing. [Doc. 13]. The Court finds that the motion is well-taken and **GRANTS** the motion, remanding back to New Mexico state court.

### I.    BACKGROUND

Mack Energy filed a complaint against Summit Casing Services in New Mexico's Fifth Judicial District Court on March 27, 2024. [Doc. 1-1]. Mack Energy claimed damages for breach of warranty regarding an oilfield production tool Mack purchased from Summit which, it is claimed, failed during use that was well within the warranted specifications. *Id*. Summit removed the case to federal court on May 20, 2024, [Doc. 1], asserting diversity jurisdiction and describing Summit as a Texas limited liability company whose "managing members" are an individual Texas resident and a Delaware limited liability company whose "managing members" are all individual Texas residents. *See* [Doc. 1-2]. Summit filed an answer on May 30, 2024. [Doc. 3]. All parties consented to Magistrate Judge Jerry Ritter presiding. [Doc. 9 text only].

Mack Energy filed a *Motion to Dismiss and Remand pursuant to Rule 12(b)(1) FRCP* on June 7, 2024, asserting that Summit failed to establish the required diversity of citizenship that would support federal jurisdiction. [Doc. 8].

## II.     THE ARGUMENTS

Mack Energy asserts that Summit has not shown diversity of party citizenship sufficient to establish federal diversity jurisdiction and so this federal court must remand the case to state court. [*See, e.g.,* Doc. 8, at 1]. Mack argues that it is Summit's burden to demonstrate both the residence and domicile, two different things, for each member of its limited liability company in the chain of relevant relationships. *See id.* at 2. Stating residence of a member without showing domicile, according to Mack Energy, is insufficient to establish that member's state citizenship. *Id.* at 3. In addition, Mack Energy asserts that establishing citizenship of every relevant member, not just every managing member, is required. *Id.*

Summit argues that its notice of removal is sufficient as a matter of law to defeat remand. [Doc. 11, at 1]. Alternatively, Summit presents an affidavit of its president "confirming the identity of all managing members" of both Summit and its member Renovo Capital, LLC, and reaffirming their diversity, including statements of both residence and intent to remain regarding individual managing members. [Doc. 11, at 1-3 and Exh. A, Doc. 11-1]. Without denying that there are any unidentified members of either Summit or Renovo, Summit asserts that Mack Energy has no evidence "that they are also managing members of Defendant Summit." [Doc. 11, at 3]. Summit concludes that it has shown that it "is a citizen of Texas and Delaware by virtue of the citizenship of its respective managing members" with "sufficient" evidence. *Id.* at 4.

Mack Energy replies that, even after the response, Summit "has failed to assert the domicile of all partners and members for diversity purposes." [Doc. 12, at 1]. The central defect remains, according to Mack Energy, that citizenship of all, not just managing, members, is both required

and lacking in the notice of removal. *Id.* at 2. Mack Energy lists seven individuals listed on Renovo's website as "partners," none of whom is identified or described in Summit's pleadings or notice. *Id.* at 2–3.

Summit included in its response a preemptive counterargument to the award of attorney fees against it should remand be ordered. [Doc. 11, at 4]. In reply, Mack Energy asks for fees because of "Summit's failure to have an objectively reasonable basis for removal" so that removal was premature. [Doc. 12, at 3].

### III.   APPLICABLE LAW

**A.   Removal of State Court Cases to Federal Court.**

If a civil suit filed in state court meets the criteria for diversity jurisdiction, a defendant may remove the suit to federal court pursuant to 28 U.S.C. §§ 1441 and 1446. However, even when diversity jurisdiction is satisfied, removal may be prohibited by the operation of other rules. For example, the "forum-defendant" rule prohibits removal based on diversity jurisdiction if any defendant is a citizen of the forum state in which the state-court action was brought. 28 U.S.C. § 1441(b)(2); *Brazelle v. Waite*, 525 F. App'x 878, 884 (10th Cir. 2013).

When a defendant removes to federal court, a plaintiff may file a motion to remand. 28 U.S.C. § 1447(c). Once a plaintiff files a motion to remand the burden shifts to the removing party to demonstrate the court may exercise subject jurisdiction. *Karnes v. Boeing Co.*, 335 F.3d 1189, 1194 (10th Cir. 2003); *Resendiz v. Progressive Direct Ins. Co.*, 672 F. Supp. 3d 1158, 1161 (D.N.M. 2023); *Garcia v. Martinez*, 414 F. Supp. 3d. 1348, 1352 (D.N.M. 2019). The removing party may satisfy this burden by a preponderance of the evidence. *Mem'l Health Sys. v. Aetna Health, Inc.*, 730 F. Supp. 2d. 1289, 1293 (D. Colo. 2010) (citing *McPhail v. Deer & Co.*, 529 F.3d 947, 952–53 (10th Cir. 2008)).

A removing party may freely amend a notice of removal within the thirty-day timeframe for service. *Garcia*, 414 F. Supp. 3d. at 1354. Once the timeframe expires, the removing party may not add new substantive allegations but may still receive leave from the court to cure procedural or jurisdictional defects. *Id.* In other words, expiration of the thirty-day service window forecloses amending the notice to include new allegations but not amending to correct technically imperfect ones. *Id.*; *Hendrix v. New Amsterdam Cas. Co.*, 390 F.2d 299, 300–01 (10th Cir. 1968) (foreclosing amendments to notices based on every technical deficiency, such that imperfect allegations would falsely equate to the absence of jurisdiction, would exalt form over substance and interfere with orderly disposition of cases properly before federal courts).

Correctable defects including confusing "residence" and "citizenship," or failing to identify a corporation's principal place of business. *May v. Bd. of Cnty. Comm'rs for Cibola Cnty.*, 945 F. Supp. 3d. 1277, 1294 (D.N.M. 2013). However, the failure to allege all of a defendant limited liability company's members and their citizenships has been ruled by one district court decision, unpublished, as a substantive error for which leave to amend would not be proper. *See Watson v. XO Commc'ns Servs., LLC*, No. 17-cv-00156, 2018 WL 4442240, at *3 (D. Utah Sept. 17, 2018). If a removing party fails to demonstrate an objectively reasonable basis for removal, the remanding party may receive "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); *Porter Tr. v. Rural Water Sewer & Solid Waste Mgmt. Dist. No. 1*, 607 F.3d 1251, 1257 (10th Cir. 2010) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)).

**B.      Federal Diversity Jurisdiction.**

Federal courts may exercise subject matter jurisdiction via "diversity jurisdiction," where the matter's amount in controversy exceeds the value of $75,000 and the adverse parties are from different states. 28 U.S.C. § 1332(a)(1).

A suit satisfies the diversity requirement if there is complete diversity, meaning no one plaintiff and one defendant share the same state citizenship. *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015) (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806)). When a party is a natural person, their state citizenship is determined by their domicile, meaning the place in which they reside with an intent to remain indefinitely at the time the lawsuit was filed. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). A corporate party is generally deemed "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A "principal place of business" refers to the site of the corporation's control, direction, and coordination by its high-level officers, commonly referred to as its "nerve center." *Hertz Corp v. Friend*, 559 U.S. 77, 80–81 (2010). By contrast, unincorporated associations share the citizenship of each of its members. *Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378, 381–82 (2016). The requirement of complete diversity is a statutory limit on federal courts' diversity subject-matter jurisdiction and more restrictive than the constitutional scope of federal jurisdiction. *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530–31 (1967).

As unincorporated associations, limited liability companies follow the principle that its citizenship, for purposes of diversity jurisdiction, is every state in which a member is domiciled. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015); *see also Grynberg*, 805 F.3d at 906.[1] The "members" of an unincorporated association generally are those who constitute the association's owners or "the several persons composing such association."

---

[1] Even if a limited liability company may have unique features under the relevant state law that make it more corporate-like, only those entities constituting "corporations" in the "traditional understanding" of the word are treated as separate from the composing individuals. *Mgmt. Nominees*, 813 F.3d at 1324–25 (finding party was an unincorporated association based on their formation under Wyoming's Limited Liability Company Act rather than formal incorporation).

*Americold Realty Tr.*, 577 U.S. at 381 (quoting *Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990)). Effectively all members must be considered for jurisdictional analysis, whether general or limited. *See Mgmt. Nominees, Inc. v. Alderney Invs., LLC*, 813 F.3d 1321, 1324 (10th Cir. 2016); *Crestcom Int'l, LLC v. Dabbagh*, No. 22-cv-02410, 2022 WL 7560241, at *1 (D. Colo. Oct. 12, 2022). If a member is itself an unincorporated association, the court must follow that association's members through its layers of ownership until it reaches the composing natural persons or corporations. *Gerson v. Logan River Acad.*, 20 F.4th 1263, 1269 n. 2 (10th Cir. 2021).

### IV.   ANALYSIS

**A.   Summit has Failed to Establish Citizenship of Every Relevant Individual.**

The central jurisdictional issue of the case is whether Summit has met its burden to show diversity of citizenship supporting federal jurisdiction over the underlying dispute. Summit argues that its attestation to "managing members" of Summit and Renovo, its single LLC member, is sufficient. Mack Energy asserts, based on Renovo's website, that Renovo has additional members who are "partners" rather than "managing members." Summit has presented nothing to rebut that argument. Renovo's identification of those additional individuals as "partners" connotes that they are either owners or "persons composing" Renovo, or perhaps both. Whether a member is managing or not, *all* Summit and Renovo members must have different state citizenships than Mack Energy to satisfy complete diversity. *Mgmt. Nominees*, 813 F.3d at 1324. In the absence of negation of Mack Energy's assertion or, alternatively, proof that no owner or composer of Renovo is a citizen of New Mexico, Summit has failed to establish complete diversity and the jurisdiction of this Court. *Karnes*, 335 F.3d at 1194 (burden is on removing party to show diversity jurisdiction is satisfied).

**B.   Summit Had the Opportunity to Cure, Disputed the Need, and Should Not Be Allowed to Cure Now.**

Summit could have amended its notice of removal freely within the first thirty days after filing, or by April 26, 2024, but did not do so. On June 7, 2024, Mack Energy put Summit on notice of the claimed defects in diversity jurisdiction when it filed its motion to remand. Through the briefing and since its completion, Summit's position has been constant: that it need not demonstrate the citizenship of any individuals but "managing members" of Summit and Renovo. Summit has presented no statutory or case authority for that position. Instead, Mack Energy has demonstrated the existence of additional members of Renovo whose citizenship has not been established and has cited cases indicating those members' citizenships are a necessary component of the jurisdictional analysis. Summit never suggested that it would comply if the Court required it to show the citizenship of the additional named individuals, instead only arguing in the alternative that if the Court remanded the case to state court it should decline to award attorney fees. The Court finds that Summit has not met its burden to establish complete diversity and that the case should be remanded to state court to determine its merits.

C. **The Court Will Award Reasonable Attorney Fees Incurred by Mack Energy in Obtaining Remand.**

In the absence of justification for the initial removal, in combination with Summit's persistence in opposing remand without directly addressing the citizenship of all members of Renovo, the Court finds that an award of attorney fees to Mack Energy is warranted. In the event that Mack Energy wants to pursue that award, it must file an application for attorney fees within 14 days after the filing of this order and must present an affidavit and documentation of the basis for the request, justifying hours invested and rates charged to prosecute the motion to remand. If a timely application is filed, Summit may file an opposition within 14 days after service of the application.

V. **CONCLUSION**

The Court finds that it lacks jurisdiction over this matter due to failure to show complete diversity of citizenship of the parties. Therefore, the Court orders that the matter be remanded to New Mexico's Fifth Judicial District Court for resolution of the merits of the underlying dispute.

The Court will consider an award of attorney fees upon application by Mack Energy filed within 14 days of the date of this order and after considering any opposition filed by Summit within 14 days of service of the application.

IT IS SO ORDERED.

_____
Hon. Jerry H. Ritter
United States Magistrate Judge
Presiding by Consent