IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MACK ENERGY CORPORATION,**

    **Plaintiff,**

v.                                                             No. 2:24-cv-00492-JHR-DLM

**SUMMIT CASING SERVICES, LLC,**

    **Defendant.**

**ORDER GRANTING MACK ENERGY'S APPLICATION FOR ATTORNEY'S FEES**

THIS MATTER is before the Court on Plaintiff Mack Energy Corporation's Application for Attorneys' Fees [Doc. 22] in connection with its Motion to Remand [Doc. 8], which the Court granted on March 31, 2025 [Doc. 20]. Defendant Summit Casing Services, LLC filed a response [Doc. 23], and Marck Energy replied. [Doc. 24]. Having reviewed the briefing, record, and relevant law, the Court will **GRANT** Mack Energy's Application for Attorneys' Fees in the amount of **$3,503.92**.

                                **I.    BACKGROUND**

**A. Procedural and Factual History**

Summit removed this matter involving "a contractual/breach of warranty action arising from a Master Service and Supply Agreement" to this Court on May 20, 2024. [Doc. 1]. Summit argued for diversity jurisdiction because Mack Energy is a New Mexico corporation and Summit "is a Texas limited liability company, with its principal place of business in Texas" and citizens of Texas and Delaware as partners. *Id.* at 2. It urged complete diversity existed because Mack Energy is a New Mexico citizen and "Defendant Summit is a resident of Texas and Delaware for purposes of diversity jurisdiction." *Id.*

Mack Energy filed a motion to remand on June 7, 2024, arguing that Summit failed to sufficiently plead complete diversity and therefore this Court lacked subject matter jurisdiction. [Doc. 8]. Mack Energy did not dispute its New Mexico citizenship but argued Summit failed to comply with the rule that "an LLC, as an unincorporated association, take the citizenship of all its members." *Id.* (citing *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015)). In this regard, Mack Energy says Summit doubly failed to properly plead complete diversity because it alleged only the residence of its managing members, rather than the domicile/citizenship of all its members or equity owners. *Id.* at 3.

The Court agreed with Mack Energy and granted the Motion to Remand on March 31, 2025. [Doc. 20]. The Court first found that Summit's failure to establish the citizenship of its members was fatal to diversity jurisdiction:

> Whether a member is managing or not, *all* Summit and [member] Renovo [Capital, LLC] members must have different state citizenships than Mack Energy to satisfy complete diversity . . . In the absence of negation of Mack Energy's Assertion, or alternatively, proof that no owner or composer of Renovo is a citizen of New Mexico, Summit has failed to establish complete diversity and the jurisdiction of this Court."

*Id.* at 6 (internal citation omitted). The Court also determined that Summit was on notice of alleged jurisdictional defects but chose to forego curing them. *Id.* at 7. The Court noted "Summit's position has been constant: that it need not demonstrate the citizenship of any individuals but 'managing members' of Summit and Renovo" without any authority to support that position. *Id.* To that end, "Summit never suggested that it would comply if the Court required it to show the citizenship of the additional named individuals," but instead simply requested the Court refrain from awarding attorneys' fees if it remanded the matter. *Id.* The Court therefore granted and noted "[i]n the absence of justification for the initial removal, in combination with Summit's persistence in

2

opposing remand without directly addressing the citizenship of all members of Renovo, the Court finds that an award of attorney fees to Mack Energy is warranted." *Id.* at 7.

**B. Briefing**

    1. <u>Mack Energy's Application for Attorneys' Fees [Doc. 22]</u>.

Mack Energy's application and accompanying affidavit claim a total of $3,247.50 in attorneys' fees with $256.42 in gross receipts tax. [Doc. 22, at 4]. These amounts are derived from the billable hours and rates of several Hinkle Shanor law firm attorneys. *Id.* at 5. Partner Richard Olson claims a total of 1.3 hours at a rate of $400 per hour. *Id.* at 5, 6. Partner Chelsea Green claims a total of 3.9 at a rate of $300 per hour. *Id.* Summer associate Kain Klisch claims a total of 15.7 hours at a rate of $75 per hour. *Id.* Mack Energy argues the entire amount should be awarded because Summit's removal and response to the remand motion to remand "were significantly lacking in any sufficient allegation regarding citizenship." *Id.* at 6.

    2. <u>Summit's Response [Doc. 23]</u>.

Summit argues that awarding attorneys' fees and costs would be an abuse of discretion because it did not harbor an "improper purpose" when removing the matter "based on a misapprehension of law." [Doc. 23, at 1] (citing 28 U.S.C. § 1447 governing award of costs and fees upon remand). Summit contends its basis for removal was objectively reasonable—albeit wrong—which obviates the propriety of attorneys' fees. *Id.* at 2, 3. Summit thus says its "[r]emoval based on a colorable argument" was "objectively reasonable." *Id.* at 3 (collecting cases).

Summit argued it met this standard because its erroneous "belief that the citizenship of an LLC for diversity purposes was determined by its managing members" was made in good faith. *Id.* at 4. Because no bad faith or dilatory tactic belied its removal, Summit warns that awarding

3

fees contravenes the spirit of § 1447 to deter removal for a "patently improper purpose." *Id.* It thus asks the Court to outright deny Mack Energy's Application for Attorneys' Fees. *Id.*

### 3. Mack Energy's Reply

Mack Energy dismisses Summit's argument, asserting that its "failure to address the citizenship of all members of Renovo is an obvious failure to disclose facts necessary to jurisdiction." [Doc. 24, at 2]. Mack Energy notes that bad faith is not a prerequisite to awarding fees while emphasizing that Summit's "mistake" was in fact willful "ignorance of the law" because Summit was put on notice of the LLC diversity requirements several times. *Id.* at 3, 4. Mack Energy thus assures that attorneys' fees are not an abuse of discretion and proper under these facts.

## II. LEGAL STANDARDS

Section 1447(c) gives a court discretion to award attorneys' fees when the matter is remanded back to state court from federal court. 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal"). The "key factor" in the fee calculus is the "propriety of the defendant's removal," which does not require finding bad faith. *Martin v. Franklin Cap. Corp.*, 393 F.3d 1143, 1146 (10th Cir. 2004), *aff'd*, 546 U.S. 132 (2005). Among the "varied expressions" of the courts' discretionary § 1447(c) fee powers, the "broadly accepted position" remains that "if a defendant's removal could be fairly supported by the law at the time, even if later deemed incorrect, a district court's discretionary decision not to award fees is appropriate." *Id.* at 1147. The reviewing court must therefore evaluate the merits of the removal action at the time it was filed. *Id.*

The moving party's "burden in an application for attorney fees is to prove and establish the reasonableness of each dollar, each hour, above zero." *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995) (internal quotation marks and citation omitted). "To determine a reasonable

attorneys fee, the district court must arrive at a 'lodestar' figure by multiplying the hours plaintiffs' counsel reasonably spent on the litigation by a reasonable hourly rate." *Jane L.*, 61 F.3d at 1509 (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1964)). The party should provide "evidence supporting the hours worked and rates claimed." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433. The moving party should also "make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434. Furthermore, the party seeking fees "must provide evidence of the prevailing market rate for similar services by lawyers of reasonably comparable skill, experience, and reputation in the relevant community." *Lippoldt v. Cole*, 468 F.3d 1204, 1224-25 (10th Cir. 2006) (internal quotation marks and citations omitted). A court may use various factors, including its own knowledge, to determine the prevailing market rate. *Id.* at 1225.

### III.   ANALYSIS

**A.  Summit's basis for removal was not objectively reasonable.**

In its order of remand, the Court indicated its inclination to award attorneys' fees under § 1447(c). Summit's briefing has failed to persuade otherwise. The Court finds that Summit's removal was not fairly supported by the law at the time of removal. This is apparent from the face of the Notice of Removal which cites *Western Agriculture Ins. Co. v. Whitney Farms, LP*, No. 18-CV-1188, 2019 WL 461298, at *2 (D.N.M. 2019) for the proposition that "[p]artnerships, limited partnerships, and limited liability companies . . . are citizens of each and every state in which any partner or member is a citizen." [Doc. 1, at 2]. *Western Agriculture* in turn cites to several cases remanding to determine the "citizenship of all of the members" of the limited liability company or limited partnership. *Id.* (citing *Penteco Corp. Ltd. P'ship-1985A v. Union Gas Sys., Inc.*, 929 F.2d

5

1519, 1522–23 (10th Cir. 1991); *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015)). Nowhere in *Western Agriculture* is "managing member" mentioned instead of, or in addition to, "all of the members." *See id.* Nonetheless, Summit maintains it is a resident of Texas and Delaware because its "managing partners" are Texas and Delaware citizens. [Doc. 1, at 2]. Summit offers no explanation or acknowledgment for the discrepancy. *See id.*

Summit's response to the motion to remand is no more helpful. It primarily argues that its motive for removal does not trigger the statutory reasons for imposing fees, namely, to deter objectively unreasonable removals made to delay or run up costs. [Doc. 23, at 2, 3]. To that end, Summit repeats it had a good faith, colorable argument for removal. *Id.* Still, Summit still does not explain why it relied on the residency of its "managing partners" to show diversity while simultaneously citing the established rule that the citizenship of all LLC members controls. *See Western Agriculture*, 2019 WL 461298, at *2. Nor does it address the issue directly by disclosing all members' citizenships. *See* [Doc. 23]. Even assuming Summit believed in good faith that the managing partners' residency was sufficient, in the absence of any mention of supporting authority the Court cannot find the argument objectively reasonable. Summit's proffer is conclusory and unpersuasive.

**B. The Court will award the requested amount of attorneys' fees and gross receipts tax.**

Plaintiff's motion attaches the Affidavit of Richard E. Olson, a partner at Hinkle Shanor law firm, attesting to the reasonableness of rates charged and hours billed for himself, Chelsea Green, and Kain Klisch. [Doc. 22, at 3]. Mr. Olson's requested rate is $400 per hour, which he says is reasonable based on his 47 years of state and federal civil litigation practice. *Id.* He also argues that the 4.2 hours he billed on the case were "reasonable and necessary to adequately develop the issues." *Id.* The affidavit also advances the reasonableness of partner Ms. Green's

6

$300 hourly rate for her 1.3 billable hours and summer associate Mr. Klisch's $75 hourly rate for his 15.7 billable hours. *Id.* at 4-6. It thus requests a total of $3,247.50 for "researching, preparing, and editing the Motion to Remand, reviewing the Response to the Motion to Remand and preparing and editing the Reply in Support of the Motion to Remand." *Id.* at 4. It additionally requests gross receipt tax in the amount of $256.42. *Id.*

The Court notes that the affidavit lacks reference to case law outlining reasonable rates in the District of New Mexico. However, Summit's response similarly lacks any authority or argument responsive to the rates or billable hours Mack Energy claims. *See* [Doc. 23]. Summit simply argues that any award of attorneys' fees is inappropriate. *See id.* Without guidance from the briefing, the Court conducts its own review of the affidavit's rates and hours.

Recently, "[i]n the Southern New Mexico and El Paso, Texas, legal market area, the prevailing hourly rate for experienced attorneys is $325." *See Imming v. De La Vega*, No. 23-CV-0378, 2024 WL 4827599, at *1 (D.N.M. Nov. 19, 2024) (citing *MVT Services, LLC v. Great West Casualty Co.*, 18cv1128 GJF/GBW (D.N.M.)). In fact, rates up to $350 have regularly been deemed reasonable. *Ruben Herrera & Oralia Quezada, individually & as next friends for their minor child, J.H, v. Gadsden Indep. Sch. Dist.*, No. 24-CV-127, 2025 WL 2858948, at *2 (D.N.M. Oct. 8, 2025) (collecting District of New Mexico cases authorizing hourly rates of $350)).

While Mr. Olson's hourly rate of $400 slightly exceeds the typical high-end rate of $350, the Court finds his rate and 4.2 hours reasonable and appropriate considering his extensive experience and Summit's lack of objection. The Court finds Ms. Green's billable rate of $300 per hour more concerning because the affidavit does not state her relevant experience. However, considering Ms. Green is a partner and billed minimal time on the case (1.3 hours), along with Summit's lack of objection, the Court finds her rate and hours reasonable under the circumstances.

7

Finally, the Court finds Mr. Klisch's $75 rate as a summer associate reasonable and appropriate. Considering Mr. Klisch drafted the substantive the motion to remand and reply on his own, the Court also finds his 15.7 hours reasonable. The time report shows two entries by Mr. Klisch for writing the motion to remand, one for 6.5 hours and one for 2.7 hours. *Id.* at 5. The time report also shows three entries for hours Mr. Klisch billed on the reply, two entries for 2.2 hours and one entry for 2.1 hours *Id.* at 6. In light of his summer associate status, being the primary drafter of the dispositive motion and reply, and Summit's lack of tailored objection, the Court will award fees for Mr. Klisch's 15.7 hours.

In sum, the Court will award reasonable attorneys' fees for Mr. Olson's 4.2 hours billed at $400 per hour ($1,680); for Ms. Green's 1.3 hours billed at $300 per hour ($390); and for Mr. Kain's 15.7 hours billed at $75 per hour ($1,177.50) for a total amount of $3,247.50. The Court finds $3,247.50 is a reasonable and appropriate amount for Mack Energy as the prevailing party. Finally, the Court will award the $256.42 the affidavit claims in gross receipts tax, as calculated by the firm's accounting department. [Doc. 22, at 4].

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' Application for Attorneys' Fees is **GRANTED** as follows:

- 4.2 x $400= $1,680 for Richard Olson's attorneys' fees;
- 1.3 x $300= $390 for Chelsea Green's attorneys' fees; and
- 15.7 x $75= $1,177.50 for Kain Klisch's attorneys' fees.

The Court thus awards a total of $1,680+$390+ $1,177.50= $3,247.50 in attorneys' fees, plus $256.42 in gross receipts tax, for **a total of $3,503.92** to Mack Energy. Summit shall remit payment to Mack Energy in this amount **within sixty (60) days of entry of this Order.**

**IT IS SO ORDERED.**

_____
Hon. Jerry H. Ritter
United States Magistrate Judge
Presiding by Consent